IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO PITA SANTOS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1848 |
| | § | |
| DAVID J. BRADLEY, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit *pro se* against Defendant David J. Bradley, the Clerk of Court for the United States District Court for the Southern District of Texas. Plaintiff alleges that he was discriminated against when he filed a lawsuit *pro se* in this district against the Secretary of the United States Supreme Court. Specifically, Plaintiff alleges that he filed the lawsuit and paid the filing fee, but the docket sheet reflected that proceedings for the case were not available. Bradley filed a Motion to Dismiss ("Motion") [Doc. # 6] on July 19, 2010, asserting that he is entitled to qualified immunity and, therefore, the lawsuit against him should be dismissed. By Order [Doc. # 7] entered August 3, 2010, Plaintiff was directed to file any opposition to Bradley's Motion by August 23, 2010. Plaintiff was cautioned that failure to respond by the August 23 deadline could result in dismissal of this case. Plaintiff has neither responded to Bradley's Motion nor requested an extension of time to do so.

The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Clerks of Court "have absolute immunity . . . for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Burnett v. Denman*, 368 F. App'x 603, 604 (5th Cir. Mar. 8, 2010) (quoting *Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir. 1981)). Court clerks enjoy qualified immunity for those routine duties not explicitly commanded by either court decree or judicial instruction. *Id.*

In this case, there are no specific allegations of personal involvement by Bradley in the filing of Plaintiff's lawsuit. No amount of generalized pleading of discrimination and conspiracy can avoid the failure to plead Bradley's personal involvement. *See Martin v. Dallas County*, 822 F.2d 553, 556 (5th Cir. 1987).

Additionally, the record reflects that none of Plaintiff's constitutional rights were violated. The Court has verified that the docket sheet for the lawsuit Plaintiff filed on May 17, 2010, Civil Action No. H-10cv1758, now contains all pleadings filed in that case and no longer indicates that those proceedings are not available. It appears that the documents had not yet been scanned into the Court's Electronic Case

Filing system when Plaintiff originally checked the docket sheet for his case shortly after it was filed. The lawsuit has now been properly filed, is pending before the Honorable Melinda Harmon, and all pleadings and other documents have been scanned into the Court's system. Based on the foregoing, it is hereby

**ORDERED** that Bradley's Motion to Dismiss [Doc. # 6] is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **27th** day of **August, 2010**.

Nancy F. Atlas
United States District Judge